UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:20-cv-61608-RAR

TOMASA FORTANELI PONCE,

    Plaintiff,

vs.

WAL-MART STORE EAST, LP,

    Defendant.
_____/

## PLAINTIFF'S MOTION IN LIMINE

The Plaintiff, TOMASA FORTANELI PONCE, by and through the undersigned counsel, hereby file this Motion in Limine and asks this Court for an appropriate order before commencement of the jury selection in this case declaring certain facts and issues to be inadmissible at trial. The Plaintiff respectfully requests that Defense counsel and all witnesses be instructed by this Court to refrain from making any mention, interrogation, or suggestion, directly or indirectly, in any manner whatsoever, concerning any of the matters set forth herein. Evidence or comments concerning these matters would prejudice the Plaintiff and improperly influence the jury. Sustaining objections to such questions, comments, or offers would not cure such prejudice, but rather reinforce the impact of such prejudicial matters on the jurors. Plaintiff asks this Court to prohibit the introduction of evidence at trial regarding any of the following issues and in support thereof states as follows:

## FACTUAL BACKGROUND

1.    This is a personal injury action involving a slip and fall, which occurred on October 7, 2019, at Defendant's store located at 2300 West Atlantic Blvd. Pompano Beach, Florida.

2. Liability is in dispute.

3. The Plaintiff suffered serious injuries including but not limited to injuries in her back, which ultimately required surgery. As a result of the incident and related surgical procedure and treatment, the Plaintiff now has permanent injuries.

4. The Plaintiff is seeking to prohibit the mention or introduction of any evidence of the following issues and has incorporated a memorandum of law with each.

## I. REFERRAL TO PHYSICIANS

5. Plaintiff wishes to prevent the mention or introduction of any evidence that states or eludes to the Plaintiff being referred to any physician or medical provider by Plaintiff's attorney(s). To allow this type of testimony would unfairly prejudice the Plaintiff and has little to no probative value to the merits of the case. *See* Fed.R.Evid. 403. Under *Burt v. GEICO*, whether or not an attorney referred a client to a particular doctor was held to be confidential communication protected by the attorney-client privilege. *Burt v. GEICO*, 603 So.2d 125 (Fla. 2d DCA 1992). If such testimony is presented to the jury, Plaintiff's counsel will have no way to address or counter the evidence without getting deeper into attorney client communications. The testimony, standing alone, is likely to mislead the jury into believing that Plaintiff's counsel has acted improperly, will thus unfairly, and unduly prejudice the Plaintiff.

## II. TIME PERIOD UNDER WHICH PLAINTIFF ATTORNEY WAS RETAINED

6. Any testimony regarding the period or circumstances under which the Plaintiff hired an attorney. *Watson v. Builders Square*, 563 So.2d 721 (Fla. 4th DCA 1990).

## III. UNETHICAL PRACTICE

7. Any comment or innuendo accusing Plaintiff's counsel of fraud or unethical conduct or making any comment or innuendo implying that the case is a scheme worked up by Plaintiff's attorneys and doctors. *See Venning v. Roe*, 616 So.2d 604 (Fla. 2nd DCA 1993) (stating

that comments made by defense counsel essentially accusing the medical expert of perjury and accusing opposing counsel of unethically committing a fraud upon the court were impermissible and were so highly prejudicial and inflammatory as to warrant a new trial). *See also Griffith v. Shamrock Village,* 94 So.2d 854 (Fla.1957) (finding defense counsel's statements which suggested perjury and collusion were improper).

### IV.     PERSONAL OPINIONS ABOUT THE PLAINTIFF

8.      Defendant's witnesses and counsel should be prohibited from stating any personal opinions about the Plaintiff. It is fundamentally improper to state personal opinions about the merits of the case or credibility of the Plaintiff. Additionally, Defendant's counsel be refrained from stating any opinions or making any inflammatory remarks regarding their view of the case and Plaintiff during any opening or closing argument. *Moore v. Taylor Concrete & Supply Co., Inc.*, 553 So.2d 787 (Fla. 1st DCA 1989); *Feller v. State*, 637 So.2d 911 (Fla. 1994) (error for expert to state her belief that victim was telling truth).

### V.     PROHIBIT THE MENTION OF PLAINTIFF'S IMMIGRAITON STATUS

9.      The Defendant may wish to introduce the Plaintiff's immigration status. The Plaintiff's immigration status is not relevant in any way. *See* Fed.R.Evid. 402. Any probative value of the Plaintiff's immigration status would be substantially outweighed by the unfair prejudice that this information would create. *See* Fed.R.Evid. 403.

### VI.     REQUEST TO BRING AND USE TECHNOLOGY FOR TRIAL

10.     The Plaintiff respectfully requests undersigned counsel and counsels' in-house trial courtroom technician, Daniel Carey, be allowed access to the courtroom prior to the commencement of the Plaintiff's case in order to set up the following equipment; two laptops, HDMI cables, VGA cables, gaffer's tape, an extension cord, a surge protector, a wireless internet access point, a projector screen, and any cables not previously mentioned which may be necessary

to connect to the Courtroom's media equipment. Plaintiff respectfully requests access to the Courtroom the Friday prior to the beginning of trial to set up the equipment or provided access at least an hour prior to the commencement of opening statements on the first day of trial.

11. The Plaintiff respectfully requests permission to use all the equipment listed above throughout the trial and that these items may remain in the Courtroom for the duration of the trial.

12. The Plaintiff requests permission to bring laptops and power cables with them for jury selection and throughout the duration of the trial. The Plaintiff's undersigned counsel respectfully request they be allowed to remove their laptops and power cables from the courtroom on a daily basis.

13. The Plaintiff requests permission to bring boxes of documents and supplies with them into the Courtroom for the duration of the trial.

VII. **REQUEST FOR ADMISSIBILITY OF OPPOSING PARTY'S STATEMENT**

14. The Plaintiff requests admissibility of a statement made by a Wal-Mart employee on the subject date of incident. The Plaintiff will testify that, immediately after her fall, she overheard a Wal-Mart employee angrily and loudly state that he "couldn't do everything at the same time." Moreover, Walfre Romero Domingo, a witness who was with the Plaintiff at the time of the subject fall, will testify that he saw a Wal-Mart employee who "took off his vest and threw it on the ground and told her that he couldn't do everything by himself." The video provided by Wal-Mart shows a young man in a company yellow vest angrily taking his vest off and agitatedly speaking to other Wal-Mart employees, immediately after the subject incident. Defense witness, Trumail King, who was acting manager at the time of the subject fall, stated that this young man was a Wal-Mart employee. The employee's statement is not hearsay because it was made by Defendant's employee on a matter within the scope of the employee's responsibilities. *See*

Fed.R.Evid. 801(d)(2)(D); *see also Becton v. Starbucks Corp.*, 491 F.Supp.2d 737 (S.D. Ohio 2007). The Plaintiff contends that the employee's statement is not hearsay and is admissible.

### VIII. INSTANCES OF DOMESTIC VIOLENCE BETWEEN THE PLAINTIFF AND WITNESS WILFRE ROMERO DOMINGO ARE INADMISSABLE

15.     Any and all mention of instances of domestic violence between the Plaintiff, Tomasa Fortaneli Ponce, and witness Walfre Romero Domingo, are not relevant in any way. *See* Fed.R.Evid. 402. Any probative value associated with such information would be substantially outweighed by the unfair prejudice that this information would create. *See* Fed.R.Evid. 403. The Plaintiff respectfully requests that the Defendant be precluded from mentioning or eluding to any instances of domestic violence, in its case in chief and for impeachment purposes.

### CERTIFICATION PURSUANT TO LOCAL RULE 7.1(3)

Counsel for the movant certifies he has conferred with all parties or non-parties who may be affected by the relief sought in the motion in a good faith effort to resolve the issues raised in the motion. After conferring with Defense Counsel the Defendant is not opposing the following part of the Plaintiff's Motion in Limine: part V. The Defendants' counsel does not agree with the other remaining parts of the Plaintiff's Motion in Limine, therefore leaving parts of the Plaintiff's Motion in Limine to be argued before this Court.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically submitted on this 23rd day of March, 2021, to: Jerry D. Hamilton, Esq., William H. Edwards, Esq., Suzette L. Russomanno, Esq., HAMILTON, MILLER, BIRTHISEL, LLP, 150 S.E. Second Avenue, Suite 1200, Miami, FL 33131; jhamilton@hamiltonmillerlaw.com;

CASE NO. 0:20-cv-61608-RAR

wedwards@hamiltonmillerlaw.com;  srussomanno@hamiltonmillerlaw.com;

caravena@hamiltonmillerlaw.com; bcosio@hamiltonmillerlaw.com.

**RUBENSTEIN LAW, P.A.**
Attorneys for Plaintiff
9130 S. Dadeland Blvd, PH
Miami, FL 33156
Tel: (305) 661-6000
Fax: (786) 472-6253
Email:  cjordi@rubensteinlaw.com
 crios@rubensteinlaw.com
 eservice@rubensteinlaw.com

By: _/s/ *Carlos Jordi*
 **Carlos Jordi**
 Florida Bar No.: 118741