UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

FORT LAUDERDALE DIVISION

CASE NO. 20-CIV-61608-RAR

TOMASA FORTANELI PONCE,

    Plaintiff,

vs.

WAL-MART STORES EAST, LP,

    Defendant.
_____/

### **DEFENDANT'S MOTION FOR DIRECTED VERDICT**

Defendant, Wal-Mart Stores East, L.P. ("Wal-Mart"), by and through undersigned counsel and under Federal Rule of Civil Procedure 50(a) and the applicable Local Rules of the United States District Court for the Southern District of Florida, hereby files its Motion for Directed Verdict, and in support states:

### I.    **Preliminary Statement**

Plaintiff sued Wal-Mart based on an alleged slip and fall incident that occurred in its store. The only count against Wal-Mart is a simple negligence claim. The ultimate issue in a negligence claim, such as this one, is whether the defendant had actual or constructive notice of a dangerous condition. Wal-Mart moves for a directed verdict because Plaintiff has failed to adduce evidence that Wal-Mart was on notice of a dangerous condition. Therefore, Wal-Mart cannot be liable as a matter of law. The facts and inferences point strongly and overwhelmingly in favor of Wal-Mart that reasonable men could not arrive at a contrary verdict, specifically because:

    (1) there is no testimony whatsoever that anyone from Wal-Mart was aware of the substance on the floor before Plaintiff slipped; and

    (2) the evidence set forth by Plaintiff as to constructive notice is patently insufficient to support the reasonable inference that Wal-Mart should have known about the substance.

*See Palavicini v. Wal-Mart Stores E., LP,* 787 F. App'x 1007, 1013 (11th Cir. 2019)*; Berbridge v. Sam's E., Inc.*, No. 17-14234, 2018 WL 1357372, at *3 (11th Cir. Mar. 16, 2018).

Accordingly, this Court should remove the case from the jury and enter a directed verdict for Wal-Mart.

## II.    Statement of the Facts

### A.  Legal standard for Rule 50(a) motions for directed verdict

The Eleventh Circuit has set forth the applicable standard for review on a motion for directed verdict:

> On motions for directed verdict and for judgment notwithstanding the verdict the Court should consider all of the evidence - - not just the evidence which supports the non-mover's case - - but in light and with all reasonable inferences most favorable to the party opposed to the motion. *If the facts and inferences point so strongly and overwhelmingly in favor of one party that the Court believes that reasonable men could not arrive at a contrary verdict, granting of the motion is proper.* On the other hand, if there is substantial evidence opposed to the motions, that is, evidence of such quality and weight that reasonable and fair minded men in the exercise of impartial judgment might reach different conclusions, the motions should be denied, and the case submitted to the jury. *A mere scintilla of evidence is insufficient to present a question for the jury.* The motions for directed verdict and judgment n.o.v. should not be decided by which side has the better of the case, nor should they be granted only when there is a complete absence of probative facts to support a jury verdict. *There must be conflict in substantial evidence to create a jury question.*

*Von Stein v. Breschner*, 904 F.2d 572, 578 (11th Cir. 1990) (quoting *Boeing Co. v. Shipman*, 411 F.2d 365, 374-75 (5th Cir. 1969)) (emphasis added). Directed verdicts are appropriate when there is no substantial conflict in evidence to support a jury question. *See Carter v. City of Miami*, 870

2

HAMILTON, MILLER & BIRTHISEL, LLP
150 Southeast Second Avenue, Suite 1200, · Miami, Florida 33131 · Telephone: 305-379-3686 · Facsimile: 305-379-3690

F.2d 578, 581 (11th Cir. 1989). "[T]he Court views the evidence and all logical inferences therefrom in the light most favorable to the non-moving party." *Pica Servs., Inc. v. Behringer*, 593 F. Supp. 113, 115 (S.D. Fla. 1984) (citing *Neff v. Kehoe*, 708 F.2d 639 (11th Cir. 1983)).

In the instant matter, if the Court views the above evidence and all logical and reasonable inferences in the light most favorable to Plaintiff, there is still no substantial conflict in evidence to support a jury question—there is no evidence, expert or otherwise, which would permit a negligence finding under any theory.

**B. There is no evidence, expert or otherwise, permitting a negligence finding**

It is undisputed that Plaintiff was an invitee at a Wal-Mart store at the time of the incident. As a business owner, Wal-Mart owed two duties to invitees: (1) to take ordinary and reasonable care to keep its premises reasonably safe; and (2) to warn of perils known or that should have been known and of which the invitee could not discover. *See Delgado v. Laundromax, Inc.*, 65 So. 3d 1087, 1089 (Fla. 3d DCA 2011). The mere fact, however, that an invitee slips and falls on the floor of a defendant's premises does not constitute evidence of negligence; negligence may not be inferred from the mere happening of an accident alone. *See Belden v. Lynch*, 126 So. 2d 578, 581 (Fla. 2d DCA 1961). Rather, a plaintiff must demonstrate a breach in the duty of care owed by the defendant.

Plaintiff's cause of action triggers Florida Statutes § 768.0755, titled "Premises liability for transitory foreign substances in a business establishment."[1] Section 768.0755 sets forth the burden of proof Plaintiff must meet to establish such a breach. Section 768.0755 provides that a person

---

[1] A federal court sitting in diversity applies the substantive law of the state in which the case arose. *See Pendergast v. Sprint Nextel Corp.*, 592 F.3d 1119, 1132-33 (11th Cir. 2010). Plaintiff's negligence claim arises from alleged injuries sustained at a Wal-Mart store in Florida. Thus, the principles of Florida law govern this action.

3

HAMILTON, MILLER & BIRTHISEL, LLP
150 Southeast Second Avenue, Suite 1200, · Miami, Florida 33131 ·Telephone: 305-379-3686 · Facsimile: 305-379-3690

who slips and falls on a transitory substance in a business establishment must "prove that the business establishment had actual or constructive knowledge of the dangerous condition and should have taken action to remedy it." The plaintiff may prove the business establishment has constructive knowledge by circumstantial evidence showing:

> (a) The dangerous condition existed for such a length of time that, in the exercise of ordinary care, the business establishment should have known of the condition; or
>
> (b) The condition occurred with regularity and was therefore foreseeable.
>
> *Id.*

Florida Statutes § 768.0755 does not provide for strict liability standard for slips on transitory conditions—negligence may not be concluded from the mere happening of an accident alone. *See Winn-Dixie Stores, Inc. v. Marcotte*, 553 So. 2d 213, 214 (Fla. 5th DCA 1989) ("An entity in the actual possession and control of a premises, such as a supermarket, to which members of the public are invited, is not an insurer of the safety of such persons…").

Wal-Mart cannot be held liable under a theory of constructive notice without evidence of how long the substance existed on the floor before the alleged incident. *See Berard v. Target Corp.*, 559 F. App'x 977 (11th Cir. 2014) (affirming summary judgment when the plaintiff had not shown the spill existed for such a length of time that the defendant-store should have known about it); *Ayers v. Wal-Mart Stores, E., L.P.*, No. 15-24663-CIV, 2017 WL 747541, at *2 (S.D. Fla. Feb. 27, 2017) ("[T]*he mere presence of the substance on the floor is not enough*; the record must have additional facts to create a permissible inference about the time the foreign substance had been on the floor.... without this evidence, a finding of negligence would be sheer speculation.") (emphasis added) (citation omitted).

4

HAMILTON, MILLER & BIRTHISEL, LLP
150 Southeast Second Avenue, Suite 1200, · Miami, Florida 33131 ·Telephone: 305-379-3686 · Facsimile: 305-379-3690

Plaintiff has presented no evidence to demonstrate Wal-Mart had actual or constructive notice of the presence of any dangerous condition on the floor. Therefore, a judgment as a matter of law is appropriate because Plaintiff has established no breach in the duty of care owed by Wal-Mart.

**C. There is no evidence to support actual knowledge of a foreign substance on the floor.**

The record is devoid of any evidence sufficient to raise a genuine issue of fact regarding Wal-Mart's actual notice of the allegedly dangerous condition. An owner has actual knowledge of a dangerous condition when the owner or one of their agents knows or creates the dangerous condition. *See Barbour v. Brinker Florida, Inc*. 801 So. 2d 953, 957 (Fla. 5th DCA 2001).

The Plaintiff has presented no evidence that any Wal-Mart associate had actual knowledge of the liquid prior to Plaintiff's incident.

Here, there is no dispute that Wal-Mart did not have actual knowledge of the liquid substance on the floor prior to Plaintiff's incident as there is no evidence whatsoever that a Wal-Mart employee caused the liquid substance to be on the floor or that a Wal-Mart employee knew the substance was on the floor prior to Plaintiff's incident. As the Plaintiff has not produced any evidence that Wal-Mart caused the liquid substance to be on the floor or knew there was a liquid substance on the floor prior to her incident, she has failed to prove that Wal-Mart had actual knowledge of the liquid substance on the floor prior to Plaintiff's incident.

Without actual notice, Plaintiff's only avenue to meet the mandates of section 768.0755 is to prove that Wal-Mart had constructive notice of the liquid substance on the floor prior to her incident. Plaintiff is similarly unable to prove constructive notice.

5

HAMILTON, MILLER & BIRTHISEL, LLP
150 Southeast Second Avenue, Suite 1200, · Miami, Florida 33131 ·Telephone: 305-379-3686 · Facsimile: 305-379-3690

**D. There is a lack of evidence to support constructive knowledge of a foreign substance on the floor.**

There is also no evidence demonstrating Wal-Mart had constructive knowledge of the presence of a foreign substance on the floor before the fall. Wal-Mart does not dispute that the water came from a roof leak. However, there is no evidence that the roof was leaking for such a length of time that Wal-Mart should have known of the leak. "[T]he mere presence of water on the floor is not enough to establish constructive notice'—rather, the record must contain additional facts to create a permissible inference regarding the amount of time the water had been on the floor." *Palavicini v. Wal-Mart Stores E., LP*, 787 F. App'x 1007, 1013 (11th Cir. 2019); (citing *Delgado v. Laundromax, Inc.*, 65 So. 3d 1087, 1090 (Fla. 3d DCA 2011).

Plaintiff primarily relies upon three points to establish Wal-Mart was on constructive notice: (1) the water was dirty; (2) the water had foot prints; and (3) a Wal-Mart associate is seen in the nearby area in the approximately one minute and eighteen seconds prior to the incident. However, these facts fail to create a reasonable inference that the substance was on the floor for an amount of time such that Wal-Mart should have been on constructive notice.

**(i)   That the water was dirty and had footprints does not create the reasonable inference that the water had been on the floor for any length of time.**

As to Plaintiff's arguments that constructive notice exists because the substance was dirty, and had footprints have been rejected by the Courts in this District and found to be insufficient, standing alone, to establish constructive notice. Courts have found that these facts, without more do not lead to reasonable inferences and thus cannot be relied upon as a basis for constructive notice.

Under federal law, an inference must be "reasonable." *See Berbridge v. Sam's E., Inc.*, No. 17-14234, 2018 WL 1357372, at *3 (11th Cir. Mar. 16, 2018) *citing Daniels v. Twin Oaks Nursing*

6

HAMILTON, MILLER & BIRTHISEL, LLP
150 Southeast Second Avenue, Suite 1200, · Miami, Florida 33131 · Telephone: 305-379-3686 · Facsimile: 305-379-3690

*Home*, 692 F.2d 1321, 1326 (11th Cir. 1982). A reasonable inference is one that a "reasonable and fair-minded [person] in the exercise of impartial judgment might draw from the evidence." *Id.* Reasonable inferences may rest in part on conjecture, "for an inference by definition is at least partially conjectural." *Id*. But a jury cannot be "allowed to engage in a degree of speculation and conjecture that renders its finding a guess or mere possibility." *Id*. "Such an inference is infirm because it is not based on the evidence."  A party can rely on circumstantial evidence, however, the initial inference must be established to the exclusion of any other reasonable theory or inference.  *Nunez v. G.F. Car Center, Inc*., 877 So. 2d 31, 33 (Fla. 3d DCA 2004)(*dissenting opinion*).  The established rule of evidence is that we cannot construct a conclusion upon an inference which has been superimposed upon an initial inference supported by circumstantial evidence unless the initial inference can be elevated to the dignity of an established fact because of presence of no reasonable inference to the contrary.  *Id*.

As a threshold matter, the condition of the substance alleged by Plaintiff does not amount to a reasonable inference of constructive notice.

In *Berbridge*, the plaintiff slipped and fell on a "dark" and "dirty" substance which she alleged came from an A/C leak.  *Berbridge v. Sam's E., Inc.*, 728 F. App'x 929, 933 (11th Cir. 2018).  Despite the claim that the substance was dirty, and that there was a footprint in it, the Eleventh Circuit affirmed summary judgment in favor of the defendant and found "the record lacks any evidence from which a reasonable jury could conclude that the substance was "dark" and "dirty" because it was present on the floor for a period long enough to charge Sam's Club with constructive knowledge. *Id.*  In so holding, the court found that these facts failed to establish a reasonable inference of constructive knowledge:

> In this case, we conclude that the evidence is not enough for a reasonable jury to infer that the liquid substance "had been on the floor for a sufficient length of time

7

> to charge the store owner with constructive knowledge of its presence." While Berbridge [the Plaintiff] presented evidence of the source of a "dark" and "dirty" substance, there is no evidence that the substance was not "dark" and "dirty" when it fell from the AC unit, and Berbridge did not provide any additional detail about what she meant by these terms. A reasonable jury could not infer from her vague comments that the substance was "dark" and "dirty" because it was on the floor for such a length of time that Sam's Club should have known about it and acted to remedy it.

*Id.* at 932 (internal citations omitted).

The Eleventh Circuit further elaborated that "there was no evidence that 'the [liquid substance] was not already ["dark"] and ["dirty"] when it reached defendant['s] floor' and that "[t]he fact that the substance was "dark" and "dirty" gives rise to nothing more than a "guess or mere possibility" that it was on the floor for a period of time sufficient to create constructive notice. *Id.* at 934 (citing *Daniels*, 692 F.2d at 1326). The court found determinative that the plaintiff did not see the substance before she fell, and that there was no indication as to when the water began to drip from the AC unit *before* her fall. *Id.* at *15-16 (emphasis in original).

Similarly, in *Palavicini v. Wal-Mart Stores E., LP*, 787 F. App'x 1007, 1009 (11th Cir. 2019), the Plaintiff slipped and fell on an A/C leak. The Plaintiff argued that Wal-Mart was on constructive notice because, *inter alia*, the substance was "yellow" and "dirty," and the size of the spill was large enough such that it required "considerable amount of spill magic" to clean. *Palavicini v. Wal-Mart Stores E., L.P.*, No. 1:18-CV-20708-MORE, 2018 U.S. Dist. LEXIS 143663, at *6-7 (S.D. Fla. Aug. 22, 2018). The trial Court, in granting summary judgment, found that "To create a genuine issue based on the appearance of the transitory liquid, there must be evidence sufficient to show that the liquid became dirty and yellow *after* it reached the floor; otherwise, its appearance supports no inference about how much time it has been on the floor. It is the change in condition that supports this inference." *Id.* at *7-8 (emphasis in original). As described by the District Court:

8

> Plaintiff stated that after she stepped on the liquid, she noticed it was "yellowish," "musky," and "dirty," but she did not know whether her shoe had caused the liquid to turn that color. *Id.* at 101-104. Plaintiff does not know, and there is no evidence from which to surmise, whether the liquid was dirty and yellowish when it got to the floor. There is no evidence of footprints, prior track marks, change in consistency, drying of the liquid, or other evidence to show that the liquid was on the floor for a length of time that Defendant should have known about it and taken action to remedy it. In sum, the condition of the liquid on the floor after her fall does not support a reasonable inference regarding the length of time the substance was on the floor prior to her fall.
>
> This case is factually indistinguishable from *Berbridge*. In that case, the plaintiff slipped on a liquid substance at a Sam's Club store. The plaintiff, like in this case, did not see the substance before slipping and did not know how long it had been there. The plaintiff testified that the substance was medium sized, dark, and dirty.

*Id.* at *8-9.

The Eleventh Circuit affirmed the District Court's Order granting summary judgment, finding that the Plaintiff's testimony that the substance appeared to be "yellow" and "dirty," but that she did not know what caused the liquid to be dirty was insufficient to create an issue of fact or a reasonable inference that the liquid was on the floor for an amount of time sufficient to impute constructive notice on Wal-Mart.[2] *Palavicini v. Wal-Mart Stores E., LP*, 787 F. App'x 1007, 1012 (11th Cir. 2019). The Eleventh Circuit held: "To conclude that Wal-Mart had constructive notice under Fla. Stat. § 768.0755(1)(a), would require drawing a series of impermissible inferences that are unsupported by the record. *See Daniels*, 692 F.2d at 1324 ("[A]n inference is not reasonable if it is only a guess or a possibility, for such an inference is not based on the evidence but is pure conjecture and speculation. This proposition is undoubtedly sound." (internal quotation marks omitted)). *Id.* at 1013-1014.

---

[2] Just as here, the CCTV in *Palavacini* did not show any liquid leaking or on the floor. *Id.* at 1013.

9

HAMILTON, MILLER & BIRTHISEL, LLP
150 Southeast Second Avenue, Suite 1200, · Miami, Florida 33131 · Telephone: 305-379-3686 · Facsimile: 305-379-3690

Identical to *Palavicini* and *Berbridge*, Plaintiff here does not know when the liquid came to be on the floor and cannot say whether the substance was dirty in its original form when it leaked from the roof. Plaintiff further did not see the liquid before she fell, and cannot say whether the footprints she saw were there before she slipped. Plaintiff also only offered vague description as to the size of the leak, and testified that she never actually saw any leak from the roof.

Pursuant to Eleventh Circuit authorities in *Palavacini* and *Berbridge*, a direct verdict in favor of Wal-Mart is proper is this case. *see also Hernandez v. Sam's E., Inc.,* No. 20-CV-61648-RAR, 2021 U.S. Dist. LEXIS 79275, at *12 (S.D. Fla. Apr. 26, 2021)( courts have also found that the mere presence of footprints or marks, standing alone, may not constitute competent evidence tending to show the length of time that a substance has been on the floor.)(citing *Calvache v. Jackson Memorial Hosp.*, 588 So. 2d 28, 29 (Fla. 3d DCA 1991) (affirming summary judgment in favor of defendant where plaintiff alleged a shoe mark was present near the liquid causing her injury); *Rubiano v. Costco Wholesale Corp.*, No. 15-24291, 2016 U.S. Dist. LEXIS 138508, 2016 WL 7540571, at *3 (S.D. Fla. Oct. 4, 2016) (granting summary judgment for defendant supermarket even though plaintiff testified that "skid marks," that had allegedly been present for over seventeen minutes, were in the liquid she slipped on)).

Also instructive is *Hernandez v. Sam's E., Inc.*, No. 20-CV-61648-RAR, 2021 U.S. Dist. LEXIS 79275, at *14-15 (S.D. Fla. Apr. 26, 2021), in which the Plaintiff slipped and fell on a liquid in a Sam's Club store. The plaintiff "did not see the liquid on the floor before she fell, (2) admitted that she did not "know if the [footprints/marks] were there before [she] fell", and (3) had no idea whether the prints or marks she observed after her fall were caused to be there before or after the liquid was spilled on the floor. *Id.* (internal citations omitted). The Court granted summary judgment in favor of the defendant finding "the mere presence of footprints or marks,

10

HAMILTON, MILLER & BIRTHISEL, LLP
150 Southeast Second Avenue, Suite 1200, · Miami, Florida 33131 · Telephone: 305-379-3686 · Facsimile: 305-379-3690

standing alone, may not constitute competent evidence tending to show the length of time that a substance has been on the floor." *Id.* at *12.

In *Rubiano v. Costco Wholesale Corp.*, No. 1:15-cv-24291-UU, 2016 U.S. Dist. LEXIS 138508, at *6-7 (S.D. Fla. Oct. 4, 2016), the plaintiff alleged she slipped and fell on a substance in a Costco Store, and argued there was a genuine factual dispute because, *inter alia* she "saw at least one big mark in the middle of the liquid" after her fall. *Id.* The Court rejected this argument, finding:

> The Court concludes that no reasonable jury could find that Defendant had constructive knowledge of the unknown spilled substance that caused Plaintiff's injury. This is true for three reasons. First, there is no evidence of the length of time that the liquid was on the floor. While Plaintiff argues that the evidence shows that there were "skid marks[s]" through the liquid substance and that the substance was located in a high-traffic area of the Property, the record evidence, in fact, contains uncontroverted evidence that Plaintiff: (1) did not see the liquid before slipping; (2) had no idea if marks in the substance on the floor were there before she fell; and, in any event, (3) could not identify "anyone else's footprints," "shopping cart tracks," or any other marks in the substance that she slipped on when reviewing a photograph of the unknown substance taken soon after her slip-and-fall. Plaintiff's claim cannot survive summary judgment based on her unsubstantiated argument that there were "skid mark[s]" in the unidentified substance indicating that the spill was on the floor for a long period of time. *Hammonds v. Fulton Cty.*, 628 F. App'x 716, 717 (11th Cir. 2016) ("Mere conclusions and factual allegations unsupported by evidence are insufficient to survive a motion for summary judgment."); *Cordoba v. Dillard's, Inc.*, 419 F.3d 1169, 1181 (11th Cir. 2005) ("Speculation does not create a *genuine* issue of fact; instead, it creates a false issue, the demolition of which is a primary goal of summary judgment").

*Id.* at *7-8.

In a recent Eleventh Circuit case, *Espinoza v. Target Corp.*, 843 F. App'x 168, 169 (11th Cir. 2021), the plaintiff slipped and fell at a Target store on a puddle of milk. *Id.* Photographs of the scene showed at least one footprint in the puddle. *Id.* The plaintiff argued that there was a disputed fact as to whether Target had constructive knowledge because the "jury could infer from Target's lack of an inspection policy, the temperature of the milk, the size of the puddle, and a footprint in

11

HAMILTON, MILLER & BIRTHISEL, LLP
150 Southeast Second Avenue, Suite 1200, · Miami, Florida 33131 · Telephone: 305-379-3686 · Facsimile: 305-379-3690

the puddle that it existed for a sufficient length of time to put Target on constructive notice of the dangerous condition." *Id.* at 170. The plaintiff claimed that because the milk was warm when she slipped and because there was testimony that the milk was stocked in the refrigerator section of the store, that this was indicative that the puddle had been there for some time. *Id.* at 172-73. The Court rejected these arguments and affirmed summary judgment in favor of Target, noting that the plaintiff did not know how long the milk had been outside the refrigerator when it was spilled, nor did she witness the milk being spilled or feel its temperature when it was spilled. *Id.* The Eleventh Circuit expressly agreeing with the district court's ruling that the plaintiff failed to point to any specific facts to support her inference that the milk was cold at the time it was spilled. *Id.* The Eleventh Circuit found that the plaintiff's claim that the milk was cold when it was spilled was pure speculation and conjecture which could not support an inference that the puddle was on the floor for a sufficient time to put Target on notice. *Id.* The Court further found that the footprint in the milk did not support an inference of constructive notice because the photograph which showed the footprint was taken after customers and paramedics had been in the area. *Id.* at 170 (discussing the district court's determination).

In another recent case, *Struck v. Wal-Mart Stores E., LP*, No. 2:19-cv-598-FtM-38NPM, 2021 U.S. Dist. LEXIS 39651, at *5 (M.D. Fla. Mar. 3, 2021), the Court granted summary judgment in a slip and fall case where the plaintiff claimed that water leaking from the roof on a rainy day caused her incident. *Id.* In support of this theory, the plaintiff relied on multiple prior issues with the roof during the same year, and the fact that the roof was repaired a few days after her fall. *Id.* The plaintiff also relied upon the size of the puddle to show constructive notice. However, no one knew how long the water was on the floor prior to the incident, and no one knew where the water came from. *Id.* at *9. The Court further found that there was no evidence that problems with the

12

HAMILTON, MILLER & BIRTHISEL, LLP
150 Southeast Second Avenue, Suite 1200, · Miami, Florida 33131 ·Telephone: 305-379-3686 · Facsimile: 305-379-3690

roof led to a water puddle on the floor. *Id.* In granting summary judgment, the *Struc*k Court noted that the plaintiff presented no more evidence than *Palavicini*, *supra*, as to constructive notice. *Id.* at *13-14.

Consistent with the case law cited above, the Plaintiff's claims that the liquid was dirty and contained footprints is not determinative. Any argument that the water was on the floor for enough time that Wal-Mart was on constructive notice is purely speculative and conjecture, and does not a support a reasonable inference.

"If a plaintiff does not identify evidence to suggest the length of time that a liquid was on the floor, there is no genuine dispute of material fact, and a defendant is entitled to summary judgment." *Espinoza,* 2021 U.S. App. LEXIS 1373, 2021 WL 164507, at *3 (11th Cir. Jan. 19, 2021) (affirming district court's grant of summary judgment in a transitory substance case where jury could only speculate as to how long the puddle was on the floor).

The record evidence establishes exactly the contrary of constructive notice. It demonstrates Wal-Mart was exercising ordinary care in maintaining the premises in a reasonably safe manner so there was no constructive knowledge of a dangerous condition. *See* Fla. Stat. § 766.0755. Plaintiff has presented no evidence showing the alleged substance was on the floor for a sufficient period of time such that Wal-Mart should have known of its presence.

**(ii)    A Wal-Mart employee in the area of the incident does not defeat a directed verdict**

Plaintiff also presents the argument that a Wal-Mart employee walked by the area approximately one minute and eighteen seconds before Plaintiff's fall. However, this is not sufficient to create an issue to proceed to the jury. As a preliminary matter, there is no evidence that the leak had already begun *before* the employee walked by, or that the employee was close enough to see the liquid on the ground assuming it was there at the time he passed by. It would be

13

HAMILTON, MILLER & BIRTHISEL, LLP
150 Southeast Second Avenue, Suite 1200, · Miami, Florida 33131 ·Telephone: 305-379-3686 · Facsimile: 305-379-3690

an unreasonable inference to assume (1) the water was already there when he walked by and (2) that he was able to see the liquid on the ground in the first instance. *See Rubiano v. Costco Wholesale Corp.*, No. 1:15-cv-24291-UU, 2016 U.S. Dist. LEXIS 138508, at *7-9 (S.D. Fla. Oct. 4, 2016)(granting summary judgment where the plaintiff argued that the defendant had actual notice because the incident occurred during a high traffic time and area, finding that there was no evidence that the employees were close enough to see the liquid on the ground).

Similarly in *Palavicini*, the plaintiff argued that the defendant was not entitled to summary judgment because the CCTV footage showed that that a Wal-Mart employee walked by and stood in the immediate area where the plaintiff slipped and fell approximately two minutes before the incident. *Palavicini,* 787 F. App'x at 1009. The plaintiff argued that the size of the spill, which was large enough to use a considerable amount of spill magic to clean, gave the reasonable inference that the leak had begun before the employee walked by the area and that there was enough liquid on the floor to be observable to the employee. The Eleventh Circuit, in affirming summary judgment in favor of the defendant, found "the evidence insufficient to support a reasonable inference that the liquid was on the floor long enough to establish Wal-Mart's constructive notice." *Id.*

In *Berbridge,* a Sam's Club employee had an unobstructed view of the Plaintiff's incident and was standing on the other sider end of the aisle. *Berbridge*, 2017 U.S. Dist. LEXIS 132888, at *18-20. The Eleventh Circuit affirmed summary judgment in favor of the defendant finding that there was no evidence to demonstrate that the substance on the floor was visible from the employee's viewpoint. *Id.*

14

HAMILTON, MILLER & BIRTHISEL, LLP
150 Southeast Second Avenue, Suite 1200, · Miami, Florida 33131 · Telephone: 305-379-3686 · Facsimile: 305-379-3690

Because there is no evidence sufficient to support a reasonable inference that the liquid was on the floor at the time that the employee walked by, or that he was close enough to be able to see the liquid had it been there, a directed verdict in favor of Wal-Mart is proper.

**(iii)    There is no evidence that the condition was foreseeable**

The other manner Plaintiff might establish constructive knowledge would be to demonstrate a substance on the floor was a regular occurrence, and therefore foreseeable. But Plaintiff has presented no evidence about any other slip and fall occurrences in the area where this incident occurred, and there is no testimony regarding any prior slip and falls due to roof leaks in the area. Therefore, Plaintiff has failed to satisfy her burden of establishing constructive notice. *See Palavicini,* 2018 U.S. Dist. LEXIS 143663, at *18-19 (granting summary judgment finding there was no foreseeable condition where there was a single leak that previously occurred, holding that "regularity … must be that the dangerous condition occurred more than once, or at a minimum, that the dangerous condition persisted after that single proved occasion."); *Rubiano*, 2016 U.S. Dist. LEXIS 138508, at *9 ("Lastly, there is no evidence that would tend to prove that spills in the area where Plaintiff slipped occurred 'with regularity and [were] therefore foreseeable.'"); *Struck,* 2021 U.S. Dist. LEXIS 39651, at *4-5 (finding the leaking roof was not foreseeable despite prior issues, finding that Walmart had no reason to believe that the roof in that particular area would leak and allow an accumulation of water on the floor).

15

HAMILTON, MILLER & BIRTHISEL, LLP
150 Southeast Second Avenue, Suite 1200, · Miami, Florida 33131 · Telephone: 305-379-3686 · Facsimile: 305-379-3690

CASE NO. 20-CIV-61608-RAR

**Conclusion**

Wal-Mart respectfully request the Court enter judgment as a matter of law for Wal-Mart, and for such other, further, and different relief as this Court should deem just and proper.

Dated: June 15, 2021

Respectfully submitted,

**/s/Suzette L. Russomanno**
Jerry D. Hamilton, Esq.
Florida Bar No. 970700
jhamilton@hamiltonmillerlaw.com
Suzette L. Russomanno, Esq.
Florida Bar No.: 751081
srussomanno@hamiltonmillerlaw.com
HAMILTON, MILLER & BIRTHISEL, LLP
150 Southeast Second Avenue, Suite 1200
Miami, Florida 33131-2332
Telephone:   (305) 379-3686
Facsimile:    (305) 379-3690
***Attorneys for Defendant Wal-Mart Stores East LP***

CASE NO. 20-CIV-61608-RAR

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on June 15, 2021, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing is being served this day on all counsel of record or *pro se* parties identified on the following Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically notices of Electronic Filing.

**/s/ Suzette L. Russomanno**
Suzette L. Russomanno

## SERVICE LIST

Carlos A. Jordi, Esq.
Rubenstein Law, P.A.
201 N. University Drive, Suite 700
Plantation, Florida 33324
Telephone: (305) 661-6000
Facsimile: (305) 670-7555
cjordi@rubensteinlaw.com
crios@rubensteinlaw.com
eservice@rubensteinlaw.com
***Attorneys for Plaintiff Tomasa Fortaneli Ponce***

HAMILTON, MILLER & BIRTHISEL, LLP
150 Southeast Second Avenue, Suite 1200, · Miami, Florida 33131 · Telephone: 305-379-3686 · Facsimile: 305-379-3690